Our next case for argument is Gerson v. Logan River Academy. Good morning, Your Honors, and may it please the Court, Alan Moritzen for Appellant Samantha Gerson. I'll endeavor to reserve four minutes for rebuttal. When Plaintiff was 15 years old, two employees of Logan River Academy showed up at her school and to Logan River Academy in Logan, Utah. Let me stop you there. Let me stop you there. Have you adequately pleaded that? Shouldn't you have faith in things? What does it mean against her will? Was it her parents wanted her to go there and they had arranged for transportation? There's nothing in the complaint that really provides the information we need to know that this was a kidnapping, essentially. Well, and I think, I mean, just to be clear, the allegation of the complaint is that it was against her will. Yeah, well, a little bit about what that means. It might have been that it was her parents decision. That would be against her will. That has different consequences from someone from the Academy, just coming and kidnapping her. And I wouldn't dispute that. But the point is, is that we're alleging this from the perspective of a 15-year-old girl. Well, it has legal consequences, whether it's her parents or somebody else, doesn't it? Well, I'm not sure what legal consequences you would have. Well, you make the point. It's really the only colorable point you have, I think, that California law should govern because she was kidnapped from California to start this whole process. And that depends a bit on what you mean by kidnapped or taken against her will. So you don't include any factual allegations here regarding that. And I'm curious about that because there's other stuff in the record that suggests this was far from a kidnapping. Well, I want to be clear. We include very clear factual allegations about the involuntary nature of the transport in the sense that she showed up at school. There were two agents from Logan River who approached her in the back room. They told her that this could go the easy way or the hard way that they might need to place her in handcuffs if she resisted. And then they took her on an airplane, accompanying her the entire time. Does it matter how this came about? Does it matter how they came to think that they could handcuff her, whether this was well, a mental health commitment or something like that? It might ultimately matter. But in terms of and it might ultimately depend on what discovery shows. But remember, this was granted on a 12-6 motion. But she knows, I mean, this is a case where she doesn't need discovery. She knows this, these facts better than the defendant or at least as well as the defendant, wouldn't she? Well, then so the defendant can discover those facts. But the point is, is that, well, my only point is what she has alleged is sufficient to draw the factual conclusion that this was against her will. Right. I think what I think what Judge Hart is getting at that you may not be answering is that saying it was against her will is not enough. And perhaps I mean, I'm not staking that position out. I'm just saying that it that's that's the question. Maybe it requires more. Not only did she was against her will, her parents and no authorities authorized it. If her parents authorized it, which is not part of your complaint, one way or another, it could have a drastic impact on your case. You agree with that? Well, I think it could influence which law applies. I don't know if I would agree with the term drastic only in the sense that I mean, what we're really asking about, we're asking about a choice of law inquiry. Okay, so so if it impacts whose law applies, if it's Utah, you lose. That that's true. So it's drastic. Well, it is drastic. Well, it's drastic only if Utah law applies if the parents authorized the transfer. Right. And I guess what Judge Hart is getting at is do you have to do you need did you need to allege affirmatively that not only was it against her personal will, that there was nobody with authority over her that authorized it either? No, I don't think so. I mean, I think we have to create a colorable question, a plausible claim, based on the underlying circumstances, based on the fact that she showed up at school and was and was taken by these two individuals, the district court. You know, I'm not aware of any law that says this court can assume that this was authorized by some someone else. And that and it certainly formed no part of the court's analysis to say that it was authorized by someone else. Well, let me let me ask you another question. Okay, we're doesn't seem like we're getting anywhere on that one. So let me ask you another. In the case of a in the situation where a case is to another. Where's the forum state? The forum state is the transfer or transfer or court. So your position is the forum state is California. It is. Okay. And it's your is your co counsel going to agree to that? Is that conceded? It is conceded under Ferens versus deer, that a transferee court applies the end. And, you know, I don't want to get caught up in the terminology of transferee court applies the law of the transfer or court. And so the transfer or court is treated as the forum in that instance. Okay, so does your court use that language because I've not found a case that says the forum state because it makes a difference for which state is the forum state. I've not seen a case that says the forum state is the transfer or case, you may have a great argument that the you have to have a choice of law analysis and that the law of the transfer or state is going to apply. But it can be different when it comes to statute of limitations. Well, and that's why I say and maybe the terminology, the cases that I'm aware of, and includes Ferens versus deer and other cases that talk about when it when a case is transferred under 14 1404 a for purposes of convenience, and the transferee court treats the transfer or court as the forum as the controlling court in essence, we're sitting in that court shoes, we're applying that court's law. And so, in every respect, I think it, it is the forum for purposes of a choice of law analysis. In terms of analyzing the choice of law, both sides agree that the laws differ here, that there's a genuine conflict. So the only question is which which state is going to suffer a greater impairment by application of the other states law. And you perform that analysis not by assessing which state has the better or worthier policy, but who has demonstrated a stronger interest in their law. And which state should be allocated the predominant lawmaking authority this is under the governmental and interest analysis. So do you agree that that can differ based on whether the the conflict of law is a procedural or substantive law? I don't and only because California law has rejected that distinction. Okay, let's throw throw that out the window. Do you do you agree that it can differ based on whether it's a statute of limitations issues under the choice of law issue? i.e. Can you recover in both states for the type of action you're bringing? Or, or as compared to whether you filed on time? Yeah, I don't think that there's a distinction. I know that there are some states who have tried to cabin statute of limitations issues under the choice of law analysis. But I don't believe California is among them. California does not differentiate between procedural and substantive laws, in terms of  which law should govern. And so I think with with that established as a premise, it becomes quite clear analyzing the California Supreme Court's decision in McCann, and offshore rental, and Castro, that whether the plaintiff's presence in the Utah was involuntary is a logical factor. And just to return briefly, we have alleged sufficient facts to draw the plausible inference that Samantha's presence in Utah was involuntary. If, if additional facts come forth, at some point, we're not arguing that those facts could not be introduced as part of a renewed motion to dismiss. But based on the in response to the evidence submitted in support of our opposition, we know two things. One, that Samantha's presence in Utah should be treated as involuntary. And two, that Logan River actively solicited and advertised its business, its business operations in California. And if you read Bernard and Kearney, that matters. It matters which of the two parties, the plaintiff or the defendant, reached in to the other party's state. Do we have those allegations of advertising and reaching in to the other party's state? Is that within your complaint? The the transacting business or the advertising and solicitation is not in the complaint. But there's also no law that we're It says you you not only have to plead a plausible allegation, plausible allegations to support your cause of action, but that you also have to plead allegations related to a choice of law analysis. And if you're asking for the district court to consider facts beyond the four corners of your complaint, and we're looking at a motion to dismiss, doesn't this have to become a motion for rejudgment? Well, and we would welcome that. But the fact is that it that the court didn't treat it that way. You see across the country, you see courts often reluctant to resolve choice of law issues at the motion to dismiss stage, because it requires factual development. You have the Ninth Circuit's decision in Cooper that says, hey, the district court has everything it needs to make this determination. You have the First Circuit's decision in the record, we need further factual development before we can make a determination about the choice of law. But there's none of those cases suggest that, for purposes of a complaint, that if you have not alleged every fact related to the choice of law analysis, that you're out of luck. You are typically your point, you're saying it's not your problem, it could be an error on the part of the court. Exactly right, a procedural area error. We think the allegations in the complaint combined with the essential admissions of Logan River about their advertising and solicitation of business in California, is enough to rule in our favor, just as a matter of law that that California law governs. But in the alternative, we would welcome the court reversing the district court for further factual development on the choice of law analysis. And if there are no other pending questions, I'll reserve the last minute of my time. Thank you. Thank you, Your Honors. May it please the court. I am Molly Loy appearing on behalf of Logan River Academy, the appellee. This appeal involves a relatively simple issue, what statute of limitations California or Utah should apply to torts that occurred within the state of Utah, and which are alleged to have been perpetrated by a Utah corporation and its Utah employees. It is the position of the appellee that the Utah district court correctly answered this question, when it applied the Utah statute of limitations, and dismissed this action accordingly. The appellant has argued in briefs and now before this court, that despite the location of the alleged torts, and the alleged tort feasors, the California statute of limitations should be applied based upon the allegations that Miss Gerson was involuntarily in the state of Utah, that Miss Gerson was a California resident, and that Logan River Academy allegedly advertised in the state of California and solicited business within the state of California. I'll first address why the appellant's not sufficiently give rise to the California statute of limitations. And then I will address the factors that make it clear that the district court ruled correctly in applying Utah law in dismissing this action. Regarding the allegation that Miss Gerson was involuntarily in Utah, the factual allegations of the complaint established that she was approximately 14 or 15 years old, when she was enrolled at Logan River Academy. Accordingly, while Miss Gerson, the minor appellant herself might not have wanted to attend the school in order for her to have been enrolled in the school factually for an entire year, as she was someone on her behalf, a legal parent or guardian enrolled her in the school and paid for her to be there. Logan River Academy is not a public institution, therefore tuition was was required. If this hadn't happened, someone had not enrolled her, she would not have been able to attend the school. She quite simply was not kidnapped as is claimed and taken to Utah against the will of those responsible for her legal care and custody. Also, this is an action for childhood sexual assault. This is not an action for kidnapping or involuntary transfer. The action for childhood sexual assault, which are alleged to have occurred at Logan River Academy in Utah, negligent hiring of teachers and staff at Logan River Academy in Utah, the negligent supervision of teachers, staff and students at Logan River Academy in Utah, the negligent education of the plaintiff regarding the dangers of sexual assault. I think we have that side of the argument pretty well in hand. The question for us on the conflicts of law is to measure the interests of each respective state and determine which law should apply. Thank you, Your Honor. The appellee's position here is that Utah has a greater interest in deciding this action based upon the fact that we're dealing with a Utah corporation and its Utah employees, and that every single tort alleged in the complaint occurred within the state of Utah. Let me let me let me interrupt. First, one quick factual question. There's never been an allegation that she was unlawfully removed. That is correct. But simply that she did not want to go. Correct. Both the few that imposing counsel have spoken in terms of the interests of the state governing the choice of law. And that sounds like whether the California cares more about kids being abused than Utah or vice versa. And I don't read that as the test for choice of law. I read it as I'm reading from the McCann decision, the California Supreme Court. The process can accurately be described as a problem of allocating domains of state context by determining the appropriate limitations on the reach of state policies, as distinguished from around evaluating the wisdom of those policies. Emphasis is placed on the appropriate scope of conflicting state policies, rather than on the quality of those policies. So I don't think it has anything to do with under California choice of law law, with your the strength of the feeling of each state regarding how much one should punish this type of conduct, but just a determination by the California Supreme Court of which state should have the lawmaking power in this circumstance. So you put it in terms of policies, I thought, and you're kind of nodding your head, you agree that the McCann formulation is what we're supposed to apply? Or do you disagree? No, I do agree. I think McCann has a lot of wonderful language in it that can help guide this court in deciding this action. I know that the appellant has cited the McCann case, I think it strongly goes in favor of the appellee's argument here. The court in the limitations case, was it not? Correct. And the court in McCann had some, some things to say that are also very on point for the issues we're dealing with here. You just read a quote from the case. And, and I would like to do the same here. On page 100. And 101 of the McCann decision, the court said, and I quote, when the law of the other you're quoting pages 100 to 101. That doesn't sound like that's a third. Oh, it is. It is. Oh, I'm sorry, Your Honor. It is not you're correct. You know, I don't have the Pacific. What are you looking at? You know, I, I am not sure I have that written down. But it's not the Pacific third site. I think it's the Cal reporter. I think you're correct. Yes. And the court in that quote says when the law of the other state limits or denies liability for the conduct engaged in by the defendant in its territory, that state's interest is predominant. So when we're talking about what state has a greater interest in having its laws applied to an action, McCann makes it clear that Utah would in this case, because in Utah, the statute of limitations that is controlling is more limited than it is in a state has a greater interest in controlling torts that are alleged to have occur within that state's borders, which is exactly what we're dealing with here. What do we what do we do with the fact if we can consider it as a fact that there is advertising by the Academy in California? The the advertising arguments, it is a Pelley's position fail on several fronts. The first is that they weren't pleaded in the corners of the complaint that Logan River Academy advertised in California or solicited business in California, or did anything in how do we get those facts into this case? Was that the response to the motion to dismiss? It was in correct. It was a response to the motion to dismiss that was filed before the United States District Court for the Central District of California, the court that ultimately transferred the case to the Yeah, okay. So that information in a pleading was before the district court here in Utah. I was not in the complaint, but it was in it was in an opposition or Okay, thank you. The district court declined to consider it. You know, it didn't specifically state I think that it could have it could have very likely considered it. What the court held its hat on here was that all of the torts that give rise to causes of action, in this case, are torts that occurred within the state of Utah, the solicitation of business, there's no there's no allegation that that had anything to do with this particular case. The the test that we I think we're supposed to apply is determining the appropriate limitation or reach of the state's policies. Did the district court in this case look at that analysis at all? The court did the court examined the choice of law issue appropriately in terms of the law, and it did weigh which state's policies would be more impacted based upon which state's laws were applied. And it's both district courts, the Central District in California and the Utah District Court felt that the state of Utah had a greater interest in having its laws applied to this action. District Court here identify any interest on behalf of California in this case? Yeah, the main issue here is that the plaintiff, the minor resident at the time that the assaults occurred. But on the issue of residency, there aren't any cases that have been cited here by the appellant that residency alone gives rise to that state's laws. In every case where residency has been discussed. It was a residency and another factor such as where the tort occurred, that gave rise to the laws. Do we look at the extension of statutes of limitation in of claim that is sexual abuse of children? Do we look at that state interest? We do. Yes. And that's addressed in the appellee's brief, the statute of limitations was addressed by the district court. I don't I believe it was not not thoroughly the district court did address what interest the state of California had in protecting its residents. And ultimately in addressing this, the court said that while a state does have an interest in protecting its residents, that interest is not absolute and a state's reach isn't infinite. And what we have here, let me explore something with you if and that is, I'm going to read you I'm going to read you a short blurb from the second of conflict of laws. Says a state has a substantial interest in preventing the prosecution in its courts of claims which it deems stale. Hence, subject to rare exceptions, the forum will dismiss a claim that is barred by its statute of limitations, including a borrowing provision making applicable statute of limitations of another state. So that statement seems to me to suggest that there's a difference in a conflict of law analysis when you're dealing with statute of limitations as opposed to substantive law. And that a state's interest in applying its own law is exceedingly high. When it comes to statute of limitations, do you agree with that number one? And do you know of any California case law that supports that idea? I would agree that a state has a high interest in applying its own laws, which I think supports the application of the Utah law here. Utah has an extremely high interest in having its statute of limitations applied to alleged assaults that occurred in Utah. As for... Don't you have the same interest and limitation, if you will, for California? I believe California would have an extremely high interest in having its statute of limitations applied to claims that occur in California and the provisions of... To its... How about to its resident? To its resident? Well, its residents, it doesn't have unlimited reach to protect its residents from everything. And there is not a single case that supports that proposition. When a resident leaves the state, the laws of its home state don't protect it from everything.  protect a resident. They are designed to prevent the litigation of stale claims. What's designed to protect residents are the laws of those states. But... McCann was statute of limitations for asbestos. Oh, yeah, yeah. California had a longer statute of limitations, but they didn't apply it when the plaintiff who was from California was exposed in Oklahoma. Am I correct about that? McCann involved a... He was an Oklahoma resident at the time that he was working in Oklahoma and was... And at that time, he was exposed to asbestos. Years later, he moved to California. And then several years after that, he was diagnosed with mesothelioma and attempted to sue. So McCann is a great example of a case where it wasn't... It wasn't residency that made the turning point here for the court. The McCann court looked at where did the tort arise that gave rise to the litigation? And that was the... Was there also the consideration in McCann that you have a plaintiff here that's moving around and that we're not going to let him bring actions in any state that he happens to land in, particularly one with a very long statute of limitations? I would agree with that. I think statutes of limitations and applying the law of... You don't have a resident in that parallel here. You don't have... Our plaintiff isn't moving around and choosing a forum. That's correct. But every other case, including offshore rental and Castro, all the other cases that have been cited where plaintiffs weren't necessarily moving around, the case of Bernhardt, all of these ones cited by the appellant and the appellee where residency was discussed. The key issue for the courts was looking at where did this tort arise that gave rise to the litigation. Residency was not a sufficient basis by itself to have the laws of that state apply. I see that my time is over and if there are no further questions, I would ask the court to affirm the ruling of the district court. Thank you. I would just make two quick points in rebuttal. First, on the question of voluntariness, most of what we heard was extra record evidence that's not before the court, that wasn't included in the complaint, that wasn't included in any of the submissions specifically about guardianship, about the circumstances under which Samantha could have ended up at Logan River Academy. And that only illustrates the problem with making a fact dependent determination of voluntariness at the 12B6 stage. The second point I would make has to do with McCann and Bernhardt. McCann, yes, has that language, but the facts are critically different. And the California Supreme Court has made clear that it's a totality of the circumstances analysis. And in that case, you have an Oklahoma resident who lives in Oklahoma, who grew up in Oklahoma, who then who suffers the tort in Oklahoma and then moves, which is critically different than the case here. And the last thing I would say is about Bernhardt, which is very similar. A Nevada tavern owner advertises its business in California, leading a California resident to voluntarily leave and drink in Nevada, and that's where the tortious conduct occurred. And then is involved in a car accident on the way back home. And the court determines that California law apply. For these reasons, we ask that you reverse the district court and remand for further. Thank you. Thank you both for your arguments this morning. The case is submitted.